UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOSEPH MAYES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-00024-PLC |
| ) | |
| JASON LEWIS, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of petitioner Joseph Mayes's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the petition will be denied and dismissed as successive. *See* 28 U.S.C. § 2244(b).

### Background

Petitioner is a pro se litigant who is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. On December 6, 1995, he was convicted following a jury trial of murder in the first degree and armed criminal action. *State of Missouri v. Mayes*, No. 22941-02686-01 (22nd Cir., City of St. Louis).[1] He was sentenced on February 15, 1996 to life without parole on the murder charge, and to thirty years' imprisonment on the armed criminal action charge. The sentences were run concurrently. Petitioner's conviction and sentence was affirmed on direct appeal. *State v. Mayes*, 947 S.W.2d 503 (Mo. App. 1997).

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Petitioner filed a postconviction motion pursuant to Missouri Supreme Court Rule 29.15 on October 1, 1996. *Mayes v. State of Missouri*, No. 2296P-03607 (22nd Cir., City of St. Louis). On April 21, 1998, the motion was denied. The denial was affirmed on appeal. *Mayes v. State*, 986 S.W.2d 524 (Mo. App. 1999).

On February 18, 2000, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri. *Mayes v. Kemna*, No. 4:00-cv-273-RWS (E.D. Mo.). Petitioner's § 2254 petition claimed that the trial court had erred in refusing to allow the defense to cross-examine state witness Maurice Brown on Brown's statement to police; that the trial court had erred in refusing to submit a particular self-defense instruction; that the trial court had erred in overruling the defense's objection to the state's use of peremptory strikes; and that petitioner had newly discovered evidence demonstrating his innocence. The Court denied and dismissed petitioner's claims with prejudice on March 31, 2003. Petitioner did not file an appeal.

Petitioner filed the instant action on February 3, 2020, by placing it in his institution's mailing system. (Docket No. 1 at 14).

**The Petition**

Petitioner's 28 U.S.C. § 2254 petition contains three grounds for relief. First, petitioner states that his imprisonment for first-degree murder violates the Eighth and Fourteenth Amendments "because he is unquestionably innocent." (Docket No. 1 at 10). Second, he claims that the testimony of witness Lawanda Noel was "perjured" and contradicted by other evidence and testimony. (Docket No. 1 at 11). Finally, petitioner argues that his Sixth and Fourteenth Amendment rights were violated when he was denied an opportunity to cross-examine witness Maurice Brown regarding a statement Brown made to the police. (Docket No. 1 at 13).

## Discussion

Petitioner is a pro se litigant who brings this petition pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition must be denied and dismissed because it is successive. *See* 28 U.S.C. § 2244(b).

### A. Successive Petition

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for federal habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). Under the AEDPA, a claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition").

As noted above, petitioner has filed a prior application for a writ of habeas corpus pursuant to § 2254. Specifically, petitioner filed a § 2254 petition with the Court on February 18, 2000. The petition attacked the same state criminal conviction that is at issue here. On March 31, 2003, the petition was denied, and petitioner's claims were dismissed with prejudice. Petitioner did not file an appeal. In the instant petition, petitioner acknowledges the filing of the previous habeas action. (Docket No. 1 at 3).

To the extent petitioner seeks to relitigate claims he brought in his original § 2254 petition, those claims must be dismissed pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner

seeks to bring new claims for habeas relief, he must obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals. As such, the petition must be denied and dismissed as successive.

### B. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it plainly appears that petitioner is not entitled to relief because he has previously filed a habeas petition in this Court, making the instant petition successive.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

### D. Motion to Proceed in Forma Pauperis

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED AND DISMISSED AS SUCCESSIVE.** *See* 28 U.S.C. § 2244(b)(1). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 11th day of February, 2020.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE