UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOSEPH MAYES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-00024-PLC |
| ) | |
| JASON LEWIS, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of petitioner Joseph Mayes to reopen his case and to grant him a certificate of appealability. (Docket No. 8). For the reasons discussed below, the motion will be denied.

**Background**

On February 3, 2020, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). The Court denied and dismissed the petition on February 11, 2020, because it was successive. (Docket No. 5). On August 25, 2020, the United States Court of Appeals for the Eighth Circuit issued a judgment denying petitioner's motion for authorization to file a successive habeas application in this Court. *Mayes v. Lewis*, No. 20-1406 (8th Cir. 2020).

Petitioner filed the instant motion on December 18, 2020. In the motion, he asks the Court to reopen his case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In support of the motion, he alleges that "he is actually innocent of the charge and the conviction of murder in the first degree, and the evidence proved he did not kill anyone." (Docket No. 8 at 1). Along with reopening his case, petitioner also asks the Court to grant him a certificate of appealability. (Docket No. 8 at 5).

**Discussion**

As explained in the Court's prior order, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for federal habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). Under the AEDPA, a claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition").

In this case, petitioner filed a prior 28 U.S.C. § 2254 petition with the Court on February 18, 2000. *See Mayes v. Kemna*, No. 4:00-cv-273-RWS (E.D. Mo.). The petition attacked the same state criminal conviction that is at issue here. On March 31, 2003, the petition was denied, and petitioner's claims were dismissed with prejudice. Petitioner did not file an appeal. In his current petition, he acknowledged the filing of the previous habeas action. (Docket No. 1 at 3).

As previously discussed in the Court's memorandum and order of February 11, 2020, to the extent petitioner sought to relitigate claims he brought in his original § 2254 petition, those claims were subject to dismissal pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner sought to bring new claims for habeas relief, he was required to first obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). For those reasons, the Court denied and dismissed the petition in this case.

Nothing in petitioner's motion to reopen the case addresses the fact that he has filed a prior 28 U.S.C. § 2254 petition, or that his current petition is successive. Instead, petitioner's motion mainly argues the merits of his case, asserting that he is "actually innocent" of the state crime for which he was convicted. As already noted, any claim brought in his prior § 2254 petition must be dismissed pursuant to 28 U.S.C. § 2244(b)(1). To bring any new claim for relief, petitioner must first receive authorization from the United States Court of Appeals for the Eighth Circuit. 28 U.S.C. § 2244(b)(3)(A). Not only has petitioner not received authorization from the Court of Appeals, the Court of Appeals has already *denied* him such authorization. Therefore, the motion to reopen the case must be denied.

### Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to reopen and motion to grant a certificate of appealability (Docket No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 22 day of December, 2020.

                                                         STEPHEN N. LIMBAUGH, JR.
                                                       SENIOR UNITED STATES DISTRICT JUDGE